UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA

---

MAUREEN KLOKER, ON BEHALF OF HERSELF  Case No.:
AND ALL THOSE SIMILARLY SITUATED

        Plaintiff,

                          COMPLAINT

   v.

CREDIT ASSOCIATES, INC.,

        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Maureen Kloker (hereinafter "Plaintiff"), brings this Complaint by and through her undersigned counsel against Defendant Credit Associates, Inc. (hereinafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") by Defendant.

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (2) because the acts and transactions occurred in this jurisdiction and because Defendant transacts business in this jurisdiction.

1

## PARTIES

4. Plaintiff is a natural person who resides in Helena, Montana and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant is a debt collector that regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another in this state and judicial district with its principal place of business located at 1308 12th Avenue South, Suite 101, Great Falls, Montana 59405.

6. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 6 herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to Defendant, St. Peters Hospital assigned two consumer debts to Defendant for collection ("Alleged Debt").

9. The Alleged Debt arose out of a transaction in which the services incurred were obtained primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

10. On or about April 22, 2016, Defendant sent two initial collection letters with respect to two accounts to Plaintiff in an attempt to collect the Alleged Debt

("Collection Letters"). The Collection Letters are attached hereto and made a part hereof for all purposes as Exhibit "A".

11. The Collection Letters are the initial communication from Defendant to Plaintiff regarding the debts.

12. The Collection Letters inform Plaintiff that the accounts have been listed with Defendant for collection and provide the account numbers and alleged amount due.

13. The Collection Letters provides in pertinent part that:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this notice will assume this debt is valid. If you notify this office within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

14. Defendant's collection letters fail to advise that in order for the debt collector to be required to provide verification of the debt in order to continue collection efforts pursuant to 15 U.S.C. § 1692g, the request must be made in writing within the thirty-day period.

15. Defendant's collection letters fail to advise that in order for Defendant to be required to provide the consumer with the name and address of the original creditor, if different from the current creditor, in order to continue collection efforts pursuant to 15 U.S.C. § 1692g, the request must be made in writing within the thirty-day period.

16. By failing to inform Plaintiff of the writing requirement present in 15 U.S.C. § 1692g, the risk is created that a consumer would only verbally request

3

verification or the name of the original creditor and lose the right to have the debt collector suspend collection efforts until verification or the name of the original creditor was provided, which only occurs when made through written request by a consumer.

17. Plaintiff spoke with a representative of Defendant during the course of Defendant's attempts to collect and informed Defendant's representative that its collection letters did not provide enough information for her to determine whether the accounts were legitimately owed to St. Peters Hospital and that consequently Plaintiff would speak with the hospital to attempt to gain more information on the accounts for which Defendant was trying to collect.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), on behalf of herself and all persons/consumers residing in the State of Montana, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint ("Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, hundreds of persons have received debt collection notices/letters/communications from Defendant, which violate various provisions of the FDCPA.

19. This Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

20. The Class is so numerous that joinder of all members is impracticable. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant that violate various provisions of the FDCPA.

21. The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; and (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

23. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

24. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. §1692k.

25. The members of the Class have claims that are unlikely to be vindicated in the absence of a class action.

26. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

27. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

28. Plaintiff will fairly and adequately represent the Class members' interests in that Plaintiff's attorney of record will associate with an experienced class action firm and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

29. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g(a)(4)

30. Plaintiff repeats, reiterates and incorporates the allegations contained in

paragraphs numbered 1 through 29 herein with the same force and effect as if the same were set forth at length herein.

31.     Defendant's Collection Letters failed to advise that the debt collector is only obligated to obtain verification of the debt or a copy of the judgment if the consumer notifies the debt collector of the dispute request in writing.

32.     Defendant's Collection Letters are in violation of 15 U.S.C. §1692g(a)(4) which requires that a collection letter contain a statement that upon written notification from the consumer within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g(a)(5)

33.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 32 herein with the same force and effect as if the same were set forth at length herein.

34.     Defendant's Collection Letters failed to advise that the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, only upon the consumer's written request.

35.     Defendant's Collection Letters are in violation of 15 U.S.C. §1692g(a)(5) which requires a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if different

from the current creditor.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e(10)

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 35 herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's Collection Letters failed to make the required disclosures pursuant to 15 U.S.C. §1692g.

38. Defendant's Collection Letters used false representations and deceptive means to attempt to collect a debt by failing to inform the consumer that the verification requirements contained in 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(a)(5) are only triggered by the consumer's written request.

39. Defendant's Collection Letters are in violation of 15 U.S.C. §1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

## DEMAND FOR JURY TRIAL

Plaintiff Maureen Kloker hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to at a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Maureen Kloker demands judgment from the Defendant Credit Associates, Inc. as follows:

      A.      Certification of the class pursuant to Rule 23(b)(3);

      B.      Statutory damages for the Plaintiff pursuant to 15 U.S.C. §1692k;

      C.      Statutory damages for the class pursuant to 15 U.S.C. § 1692k;

      D.      For attorneys' fees, costs and disbursements;

      E.      For an award of pre-judgment interest on all sums awarded and/or collected;

      F.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      April 19, 2017

Respectfully submitted,

By: /s/ Greg Trangmoe
Greg Trangmoe
162 Flanagin Lane
Stevensville, MT 59870
Phone: 406-880-2009
Email: Greg@Trangmoe.com
*Attorney for Plaintiff*

Of Counsel to the Firm:
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Phone: 201-461-0059
Facsimile: 201-608-7116